IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO.: |
| | : | |
| TANIKA VICTORIA LITTLE, | : | 2:12-CR-539-CDJ-1 |
| | : | |
| Defendant | : | |

**Jones, J.**

**March 31, 2016**

**MEMORANDUM**

    Before the Court is the Government's Motion for Judgment and Preliminary Order of Forfeiture (Dkt No. 89). A hearing was held on July 9, 2015 (Dkt No. 95). The Court considers the arguments raised by the Government in its motion and at the hearing, and considers Defendant's opposition as argued at the hearing.

    In consideration of the above and in light of the foregoing analysis, the Motion for Judgment and Preliminary Order of Forfeiture will be granted in part and denied in part.

### I. Background

    On March 11, 2014, defendant Tanika Victoria Little was charged in a Superseding Indictment with two counts of bank embezzlement, in violation of 18 U.S.C. § 656 (Counts One and Two). The Notice of Forfeiture in the Superseding Indictment alleged that the defendant's interest in certain property was forfeitable pursuant to 18 U.S.C. § 982(a)(1) and (a)(2)(A) as a result of the charged offenses. On March 9, 2015, a jury found the defendant guilty of Counts One and Two. As a result of her guilty conviction, the defendant is required, pursuant to 18 U.S.C. § 982 to criminally forfeit her interest in any property, real or personal, which constitutes or is derived from proceeds, obtained directly or indirectly, as a result of the offenses of bank embezzlement charged in the Superseding Indictment.

    The government avers that the following specific property is subject to forfeiture and that the government has established the requisite nexus between such property and the offenses: (a) A $40,099.99 interest in the real property and all improvements commonly known as 2041 S. Opal Street, Philadelphia, PA 19145, as proceeds of the bank embezzlement offenses; and, (b) A

$15,251.61 interest in a blue 2010 Jeep Cherokee, PA tag HLT-1071, VIN 1J4PR4GK7AC143007. The government further requests that, as a result of the offenses in Counts One and Two, for which the defendant was convicted, a money judgment in the amount of $110,000 be entered against the defendant as the amount of the property constituting, or derived from, proceeds, the person obtained directly or indirectly, as the result of the violations.

## II. Legal Standard

Criminal forfeitures are permitted where authorized "in connection with a violation of an Act of Congress." 28 U.S.C. § 2461(c). In this case, criminal forfeiture is authorized under 18 U.S.C. § 982(a)(2), which requires forfeiture of "any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation." In accordance with § 982(b)(1), forfeiture is governed by the procedures in 21 U.S.C. § 853, which "states that the amount of a criminal forfeiture is directly related to the amount of the criminal proceeds." United States v. Vampire Nation, 451 F.3d 189, 201 (3d Cir. 2006).

"There is a rebuttable presumption that the property of a person convicted of a felony . . . is subject to forfeiture under this section if the United States establishes by a preponderance of the evidence that – (1) such property was acquired by such person during the period of the violation of this subchapter or subchapter II of this chapter or within a reasonable time after such period; and (2) there was no likely source for such property other than the violation of this subchapter or subchapter II of this chapter." 21 U.S.C. § 853(d). If such property was acquired during the period of violation or shortly thereafter and there is no other likely source for the property, but the property has been commingled with other property which cannot be divided without difficulty, then the Court shall order the forfeiture of substitute property. 21 U.S.C. § 853(p)(1). "Thus, once a defendant has commingled laundered funds with untainted funds—whether in a bank account or in a tattered suitcase—such that they 'cannot be divided without difficulty,' 21 U.S.C. § 853(p)(5), the government must satisfy its forfeiture judgment through the substitute asset provision. Once property subject to forfeiture under § 982(a)(1) is no longer identifiable due to some act of the defendant, the government may seek any property, cash or merchandise, in satisfaction of the amount of criminal forfeiture to which it is entitled." United States v. Voigt, 89 F.3d 1050, 1088 (3d Cir. 1996).

## III. Analysis

2

The Government seeks forfeiture of Defendant's: house located at 2041 S. Opal Street, Philadelphia, PA 19145; car, a blue Jeep Cherokee, PA tag HLT-1071, VIN 1J4PR4GK7AC143007; and a money judgment in the amount of $110,000 to be reduced by the value of the aforementioned property. (Mot. at 4-5.) The Government further avers that the specific property has the requisite nexus to the offenses of which Defendant was convicted.

A.  Defendant's House

Defendant owns a house located at 2041 S. Opal Street, Philadelphia, PA 19145 subject to a $36,749.99 mortgage with PNC Mortgage. (Dkt No. 104 at 14:22-15:2.) The house was purchased in 2006, years before any allegation of illegal activity began, for the Defendant to have a home in which to raise her 14-year-old daughter. (Dkt No. 104 at 21:3-21:12.) Because the home was not acquired during the period of the violation, there is no rebuttable presumption that the home is subject to forfeiture. 21 U.S.C. § 853(d). Therefore, "the government must prove by a preponderance of the evidence that the property it seeks under § 982(a)(1) in satisfaction of the amount of criminal forfeiture to which it is entitled has *some* nexus to the property 'involved in' the [] offense." Voigt, 89 F.3d at 1087.

The Government can demonstrate a nexus between Defendant's house and the money stolen. After acquiring the stolen monies, Defendant made a series of payments to PNC Mortgage totaling $15,999. (Dkt No. 104 at 7:7-7:17.) In addition, the Government provided evidence that Defendant made a number of improvements to the property. (Dkt No. 104 at 11:23-12:6; 13:2 -13:8; 13:9-14:8.) It is disputed, however, whether these improvements occurred before or after the money was stolen and what the value of any such improvements is. (Dkt No. 104 at 28:19-29:4; 27:13-28:25.) It is further disputed what the value of the house is with the improvements – the Government's expert appraises the house at $104,000 whereas the Defendant's expert appraises the house at $58,000. (Dkt No. 104 at 25:1-26:6.) The evidence presented by the Government is sufficient to at least show that some of the stolen monies were applied toward the mortgage and improvements in the house; therefore the Government has shown by a preponderance of the evidence that there is a nexus between the house and the money stolen.

Even though there is evidence demonstrating that Defendant made additional mortgage payments and commissioned work to be completed on her home after the commission of the crime, the home was initially purchased five years before any illegal activity and some updates to

the home were likewise made before any illegal activity. (Dkt No. 104 at 21:3-21:12; 29:5-29:19.) As a result, property that would otherwise be subject to forfeiture – the stolen monies – has been "comingled with other property" – Defendant's legally purchased home, legally made mortgage payments, and legally paid for updates. 21 U.S.C. § 853(p)(1)(E). In addition, given the nature of Defendant's home as an asset where some mortgage payments and updates were paid for with stolen monies and many others were paid for with rightfully earned monies, the stolen monies have been "comingled with other property which cannot be divided without difficulty." 21 U.S.C. § 853(p)(1)(E). The case presents a similar predicament to that addressed by the Third Circuit in Voigt, 89 F.3d 1050, when the Court adopted the reasoning of the Seventh Circuit in United States v. $448,342.85, 969 F.2d 474 (7th Cir. 1992), that "one illegal dollar in an account does not taint the rest." The Third Circuit recognized that "once a defendant has commingled laundered funds with untainted funds—whether in a bank account or in a tattered suitcase—such that they "cannot be divided without difficulty," 21 U.S.C. § 853(p)(5), the government must satisfy its forfeiture judgment through the substitute asset provision." Voigt, 89 F.3d at 1088. Here, like comingling funds in a bank account or tattered suitcase, the funds have been commingled in the Defendant's home.[1] Therefore, under 21 U.S.C. § 853(p)(1), the substitute asset provision shall apply. Id.

The substitute asset provision directs that "the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (a) through (E) of paragraph (1), as applicable." 21 U.S.C. § 853(p)(2). The Government requests forfeiture in the form of a $40,099.99 interest in Defendant's home and the improvements therein. (Dkt. No. 104 at 15:24-16:5.) Based on the additional mortgage payments made by Defendant after the commission of the crime and the evidence presented on the improvements made to Defendant's home, the Court finds that it is more likely than not that the value of the property subject to

---

[1] Defendant's legally acquired home is not subject to forfeiture simply because she made several payments and updates to the home using stolen monies, just as the Third Circuit noted that depositing stolen monies in a bank account does not taint the whole bank account. United States v. Voigt, 89 F.3d 1050, 1087-88 (3d Cir. 1996). The Court further notes that the Government did not request the home to be forfeited as a substitute asset for the money judgment and therefore the Court does not consider whether the forfeiture of the home would be more appropriate under that section of the law. The Court does however note that, regardless of the provision of law to be applied, there is great hesitancy to deprive the Defendant's innocent child of her home solely on the basis that some of the funds applied to that home were obtained illegally by the child's mother. The Court recognizes that the principle behind forfeiture is to ensure that a defendant will not benefit from the commission of a crime. A money judgment against Defendant can achieve this goal without also leaving Defendant's minor child homeless. Therefore, the Court finds great logic in the "commingled property" and substitute asset provisions of the forfeiture statute.

forfeiture that was commingled in the house is equal to $40,099.99. Therefore, in accordance with § 853(p)(2), the Court orders forfeiture of substitute property including $5,643.59 seized from Defendant's TD Bank Account and $7,233.90 seized from Defendant's PNC Bank Account. A money judgment in the amount of $27,222.50 shall substitute for the remaining funds subject to forfeiture that were commingled in the house.

      B. Defendant's Car

Defendant owns a blue Jeep Cherokee, which was the subject of a lien by Ally Financial. On March 1, 2011, the day the second bag of money went missing, Defendant made a payment to Ally Financial for $5,000. (Dkt No. 104 at 6:11-6:22.) Thereafter, Defendant made further wire transfers to Ally Financial totaling $9,000. (Dkt No. 104 at 11:13-11:16.) In total, Defendant paid $14,000 to Ally Financial in order to acquire title to the vehicle during the period of the violation and without any other source of funds for acquiring such title. Therefore, there is a rebuttable presumption that the vehicle is subject to forfeiture. 21 U.S.C. § 853(d).

The vehicle has appraised at a value between $11,250 and $16,725, which Defendant does not dispute. (Dkt No. 104 at 15:12-15:17.) Therefore, the $14,000 of illegally obtained monies used by Defendant to pay off the lien on her vehicle is nearly equal to or in excess of the value of the vehicle. As a result, unlike the investments and payments made on the house, the value of the vehicle is nearly equal to the value of the stolen monies applied toward the lien to acquire the vehicle outright. For this reason, the vehicle does not present the same issue of commingled property which cannot be divided without difficult and is therefore subject to forfeiture. Voigt, 89 F.3d 1050, 1087 (recognizing that where a defendant has added $500,000 to a bank account containing only $500, ordering forfeiture is much clearer). The Government's request for forfeiture in the amount of a $15,251.61 interest in the Jeep Cherokee is hereby GRANTED.

      C. Money Judgment

In addition to requesting forfeiture of Defendant's home and car, the Government requests "a money judgment in the amount of $110,000 be entered against the defendant." (Mot. at 5.) The Government orally modified this request at the hearing to reduce the money judgment by the amount received in forfeiture of specific assets. (Dkt No. 104 at 18:8-18:22.) The Court agrees that the appropriate amount for forfeiture, based on the amount of money and therefore the value derived by Defendant, is $110,000. The Court further agrees that the $110,000

judgment must be reduced by the value of the other assets forfeited, including the TD Bank Account with $5,643.59, the PNC Bank Account with $7,233.90, and the $15,251.61 interest in Defendant's Jeep Cherokee. Therefore, the Government's request for a money judgment is GRANTED and the Court hereby orders an *in personam* forfeiture judgment in the amount of $81,870.90.

## IV. Conclusion

Based on the foregoing, the Government's Motion for Judgment and Preliminary Order of Forfeiture (Dkt No. 89), is GRANTED IN PART, DENIED IN PART.

An appropriate Order follows.

**BY THE COURT:**

**/s/ C. Darnell Jones, II**
**C. DARNELL JONES, II   J.**